In the

# United States Court of Appeals
## For the Seventh Circuit
———————

Nos. 04-1916, 05-3655 & 05-3727

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*
*Cross-Appellee,*

*v.*

CRISS E. DUNCAN,

*Defendant-Appellee,*
*Cross-Appellant.*

———————

Appeals from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 03 CR 57—**Allen Sharp**, *Judge.*

———————

DECIDED OCTOBER 21, 2005

———————

Before BAUER, POSNER and RIPPLE, *Circuit Judges.*

PER CURIAM. This matter is before the court for the second time. In the original appeal, 04-1916, we remanded this case to the district court under *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), to permit the district court to assess the case and to inform us whether it was inclined to re-sentence the defendant. As in all *Paladino* remands, we

retained jurisdiction in order to complete our plain error review upon receiving the views of the district court as to whether it was disposed to re-sentence.

It appears from the papers now available to us that, rather than follow the procedure set forth in *Paladino*, the district court, over the specific objection of the Government that it lacked jurisdiction to re-sentence, proceeded to re-sentence the defendant. It further appears that the district court gave no explanation for imposing the sentence it purported to impose. The defendant then filed the present appeal.

The district court was without jurisdiction to re-sentence the defendant. Our limited remand to the district court was solely to ascertain whether it was inclined to re-sentence *if* we later remanded the case to the district court.

Because the district court was without jurisdiction to re-sentence the defendant, its "amended judgment" of August 5, 2005 is vacated. We shall consider this attempt to re-sentence the defendant as the district court's indication under *Paladino* that it is disposed to re-sentence, and therefore we shall remand this case to the district court for that purpose.

We take this opportunity to respectfully remind the district court that, upon re-sentencing, it must provide a reasoned explanation for its action so that we are able to fulfill, in due course, our duty to determine whether the sentence is reasonable.

Accordingly, the amended judgment of the district court appealed in 05-3655 and 05-3727 is vacated because the district court was without jurisdiction to enter such a judgment. The sentence in 04-1916 is vacated, and the case is remanded in order to permit the district court to re-sentence the defendant. The district court and the parties

shall proceed in accordance with the procedure set forth in *Paladino.*

IT IS SO ORDERED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*