UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

January 27, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3580

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*
   v.

JOSE R. NIEVES-GONZALEZ,
      *Defendant-*
*Appellant.*

Appeal from the United States
District Court for the Eastern District
of Wisconsin.

No. 04 CR 70

J. P. Stadtmueller, *Judge.*

**O R D E R**

After pleading guilty to illegal reentry in violation of 8 U.S.C. § 1326(a), the district court sentenced Jose Nieves-Gonzalez to 48 months imprisonment. On May 17, 2005, while retaining jurisdiction, we ordered a limited remand of the appellant's sentence to the district court under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). The purpose of the limited remand was to permit the district court to inform us whether it would have imposed the same sentence knowing that the United States Sentencing Guidelines are merely advisory.

The district court held a re-sentencing hearing on September 30, 2005. In an "Amended Judgment" that day, it amended Nieves-Gonzalez's sentence to a 40 month term of imprisonment. As we explained in *United States v. Duncan*, 427 F.3d 464, 465 (7th Cir. 2005), the district court went beyond the scope of its jurisdiction on remand

when it re-sentenced the defendant. Therefore, the district court's amended judgment

of September 30, 2005 is VACATED. We construe the amended judgement as the district court's indication that it would have sentenced the defendant differently had it known that the Guidelines are advisory, and therefore the case is REMANDED to the district court for the district court to re-sentence the defendant.