NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

March 4, 2011

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 06-4101

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    v.<br><br>ARMEAN KNOX,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 04-CR-818<br><br>Amy J. St. Eve,<br>*Judge*. |

**O R D E R**

This matter is before the court for the second time. In the original appeal, we held that Armean Knox (who we continue to refer to as Armean for clarity; Anthony Knox is a co-defendant) was "entitled to a limited remand, allowing the district court to indicate whether it would have selected a different sentence had it known of its discretion under *Kimbrough* [*v. United States*, 522 U.S. 85 (2007)]." *United States v. Knox*, 573 F.3d 441, 447 (7th Cir. 2009) (citing *United States v. Taylor*, 520 F.3d 746, 747-49 (7th Cir. 2008)). We also stated that "this appeal is not the proper vehicle for Armean to raise [his] claim [for a reduced sentence under the 2007 amendment to U.S.S.G. § 2D1.1] in the first instance; rather, Armean should move for a reduced sentence in the district court under 18 U.S.C. § 3582(c)(2)." *Id.* at 451. We concluded by ordering a limited remand "so that the district court may follow the procedure described in *United States v. Taylor*, 520 F.3d 746, 748-49 (7th Cir. 2008), to address the effect of both the 2007 Amendment

to § 2D1.1 and *Kimbrough* on Armean's sentence." *Id.* at 454. We instructed the district court "[a]fter resolving any motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on the Amendment," to "indicate whether it is inclined to reduce Armean's sentence under *Kimbrough*." *Id.*

In *Taylor*, we adopted a limited-remand procedure for forfeited *Kimbrough*-type arguments to permit the district court to advise us of its inclination to impose a different sentence in light of *Kimbrough*. We explained:

> The district judge should hold off on telling us whether she is minded to resentence the defendant under *Kimbrough* until she decides whether to act favorably on the defendant's motion (if he makes one, or on the judge's own initiative, if the defendant does not) for relief under the Commission's new crack regime. If she decides to impose the same sentence under the new guideline, or if though she lowers the sentence the defendant believes that 18 U.S.C. § 3553(a) would warrant a still-lower sentence, or if he does not make a proper motion for relief under the new guideline and she is not minded to grant such relief on her own initiative, she will then have to advise us whether she would be inclined to reduce his sentence under the dispensation granted sentencing judges by *Kimbrough*.

520 F.3d at 748-49. *Taylor* remands are premised on the notion that we cannot determine from the record whether the district court would have sentenced a defendant differently had it been aware of its discretion to consider the guidelines' disparate treatment of crack and powder cocaine. If the district court is inclined to re-sentence, then we will vacate the defendant's sentence and remand for a full resentencing. *United States v. Billian*, 600 F.3d 791, 795 (7th Cir. 2010). We retain "jurisdiction in order to complete our plain error review upon receiving the views of the district court as to whether it was disposed to re-sentence." *United States v. Duncan*, 427 F.3d 464, 465 (7th Cir. 2005) (per curiam).

Armean filed a motion in the district court requesting a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and the Fair Sentencing Act (FSA). The district court held a hearing and granted the parties' agreed motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on amendment 706 to the Sentencing Guidelines. The court entered an Amended Judgment reducing Armean's sentence on Count Six (conspiracy to distribute more than 50 grams of crack) to 130 months' imprisonment - the middle of the new guideline range. The district court stated that the reduced sentence reflected its consideration of not only the newly amended guideline range, but also its consideration of *Kimbrough*.

We invited the parties to submit arguments concerning the appropriate disposition of this appeal in light of the district court's response to the limited remand. Armean now argues that the "district court's sentence was unreasonable in light of the Fair Sentencing Act reducing the

disparity between crack cocaine and powder cocaine to 18:1 and the Sentencing Commission's November 1, 2010 amendment to U.S.S.G. § 2D1.1 implementing the reduced disparity between crack cocaine and powder cocaine."

The district court did not follow the procedure set forth in *Taylor* on remand. Instead, the court proceeded to re-sentence the defendant and entered an amended judgment to that effect; the court was without jurisdiction to do so. The district court was to resolve the defendant's § 3582(c)(2) motion, and then inform us whether it is inclined to reduce the defendant's sentence further "under the dispensation granted sentencing judges by *Kimbrough*." *Taylor*, 520 F.3d at 749; *see also United States v. Martin*, 618 F.3d 705, 739 (7th Cir. 2010) ("After resolving any motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on the Amendment, the court should indicate whether it is inclined to reduce further [the defendant's] sentence[] under *Kimbrough*."). "Our limited remand to the district court was solely to ascertain whether it was inclined to re-sentence *if* we later remanded the case to the district court." *Duncan*, 427 F.3d at 465.

Because the district court was without jurisdiction to enter the Amended Judgment of November 9, 2010, the judgment is vacated. We consider the district court's amended judgment as an indication that it is disposed to re-sentence and therefore, we conclude this appeal by remanding this case for that purpose.

As noted, Armean also raises an argument that his sentence should be reduced in accordance with the FSA. The FSA was signed into law on August 3, 2010 and increases the quantities of crack cocaine needed to trigger mandatory minimum sentences. Armean's argument that the FSA applies retroactively to reduce his sentence has been decided adversely to him in *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010). Armean pleaded guilty, was sentenced, and had already appealed that sentence when the FSA was signed into law. The general federal savings statute, 1 U.S.C. § 109, operates to bar retroactive application of the FSA. *Id.* As we stated in *Bell*, "[s]ince the FSA does not contain so much as a hint that Congress intended it to apply retroactively, it cannot help [Armean] here." *Id.*

Accordingly, the amended judgment of the district court entered as to Armean Knox on November 9, 2010 is VACATED because the district court was without jurisdiction to enter such a judgment. The case is REMANDED in order to permit the district court to re-sentence the defendant. Any challenge to a sentence imposed subsequent to this remand must be initiated by the filing of a new notice of appeal.