In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 22-1148

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TONY BROCK,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:13-cr-20058 — **Sara Darrow**, *Chief Judge.*

———————————

SUBMITTED JUNE 23, 2022* — DECIDED JULY 7, 2022

———————————

Before SYKES, *Chief Judge*, and BRENNAN and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Seven years into his 15-year sentence for heroin dealing, Tony Brock sought early discharge

———————————

*We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Receiving that relief depended on Brock first identifying a legally cognizable "extraordinary and compelling" reason for ending his sentence early and then convincing the district court the outcome was further justified by an application of the 18 U.S.C. § 3553(a) factors. Brock approached the first of those requirements by contending that our recent decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), changed the law—by reinterpreting a definition in the federal drug statutes—in a way that amounted to an extraordinary and compelling ground to consider a lower sentence. The district court denied relief, relying on *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), to conclude that the compassionate release statute could not be used as a path to a sentence reduction based on a position available to defendants during plea negotiations or trial, direct appeal, or in a post-conviction motion under 28 U.S.C. § 2255 challenging a sentence. We agree and affirm.

## I

### A

In October 2013 a federal grand jury in the Central District of Illinois indicted Brock for possessing heroin with intent to distribute (Count One) and a related conspiracy charge (Count Two). The government then filed a notice under 21 U.S.C. § 851 informing Brock of its intent to enhance his sentence based on a 2005 conviction for possessing with intent to distribute cocaine in Illinois. The § 851 notice, commonly called a prior felony information, had the effect of increasing the maximum sentence on Count One from 20 to 30 years. It likewise increased the sentencing range on Count Two from 5 to 40 years to 10 years to life.

Brock pled guilty to both counts under an agreement expressly waiving his rights to appeal or collaterally attack his sentence, subject to exceptions not relevant here. The district court sentenced Brock to 180 months (15 years). Adhering to the waiver in his plea agreement, Brock did not appeal. But he did file a series of post-conviction challenges through requests for relief under 28 U.S.C. §§ 2241 and 2255. None proved successful.

B

In 2020 Brock turned to § 3582(c)(1)(A) and asked the district court for early release. Pointing to our decision earlier that year in *United States v. Ruth*, he argued that his 2005 cocaine conviction was no longer a proper predicate for the § 851 sentencing enhancement because the Illinois statute under which he was convicted covers isomers of cocaine omitted from Congress's definition of cocaine in Title 21 of the U.S. Code. To Brock, then, *Ruth* reflected an "extraordinary and compelling" reason—a favorable change in case law affecting his sentence—that made him eligible for a sentence reduction under the compassionate release statute.

The district court disagreed and summarily denied Brock's motion. Citing our decision in *Thacker*, the district court saw Brock's alleged sentencing error as part of a class of arguments defendants could pursue on direct appeal or in a post-conviction motion under § 2255, but not under the compassionate release statute. Put another way, Brock's *Ruth*-based challenge to his sentence did not constitute an "extraordinary and compelling" reason for early release.

Brock now appeals.

## II

Understandably, Brock would like a lower sentence. But the reasoning underpinning our decisions in *Thacker* and *United States v. Martin*, 21 F.4th 944 (7th Cir. 2021), forecloses his use of the compassionate release statute to pursue that end based on what he sees as the change in law announced in *Ruth*. And although that principle fully resolves this case, we add that allowing Brock to pursue the relief he seeks under § 3582(c)(1)(A) would license an end run around the appeal and collateral attack waivers he agreed to in his plea agreement.

## A

In *Thacker* we emphasized that the authority in the compassionate release statute "only goes so far" and "cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in" other statutes. 4 F.4th at 574. Those observations led us to hold that § 3582(c)(1)(A) "does not permit—without a district court finding some independent 'extraordinary or compelling' reason—the reduction of sentences lawfully imposed before the effective date of the First Step Act's amendment to [18 U.S.C.] § 924(c)," an amendment which, by its terms, applies only prospectively. *Id.* at 575.

*Martin* followed, complementing *Thacker* by holding that the compassionate release statute cannot be used to challenge a sentence on grounds the defendant could have advanced on direct appeal. See 21 F.4th at 946. Any other conclusion, we explained, would permit a defendant to "circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28

U.S.C. § 2255 motion"—a concern we first sounded in *Thacker*. *Id.* (citing *Thacker*, 4 F.4th at 574).

As the district court recognized, Brock's compassionate release motion runs headlong into this principle. He seeks early release under § 3582(c)(1)(A) based on an argument generally available to litigants on direct appeal or (more properly) in plea negotiations and at the time of the original sentencing. Nothing prevented Brock and his counsel from arguing that his 2005 conviction came under a provision of Illinois law that was too broad to enhance his federal sentence. That we did not expressly adopt this precise position until *Ruth* does not change the analysis. Our decision in *Ruth*—even if viewed as announcing new law or a new interpretation of an existing statutory provision—cannot alone constitute an "extraordinary and compelling" reason authorizing a reduced sentence under § 3582(c)(1)(A).

That conclusion resolves this case. But recognize, too, the potential consequence of a contrary conclusion on these facts, where Brock chose to plead guilty pursuant to an agreement in which he expressly waived his rights to directly appeal or collaterally attack his conviction or sentence. "[O]ne major purpose of an express waiver," we have emphasized, "is to account in advance for unpredicted future developments in the law." *Oliver v. United States*, 951 F.3d 841, 845 (7th Cir. 2020). So, in entering the plea agreement, Brock "assume[d] the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one." *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Subsequent developments in the law may have proven favorable for Brock. But he chose to run that risk, and the compassionate

release statute does not provide a safety valve allowing him to renege on his agreement with the government.

B

Brock urges a different conclusion, directing our attention to *United States v. Liscano*, No. 02 CR 719-16, 2021 WL 4413320 (N.D. Ill. Sept. 27, 2021). In *Liscano*, the district court concluded that the government's "admission that the [defendant's] offenses no longer support a life sentence" because of subsequent developments in the law could constitute an extraordinary and compelling reason for purposes of § 3582(c)(1)(A) sentencing relief. *Id.* at *8. The district court saw the limitations recognized in *Thacker* as having no application where the change in law animating a compassionate release motion comes not from Congress, but from decisions by courts. See *id.* at *7 n.4.

We cannot agree. Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction. To permit otherwise would allow § 3582(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255. We rejected that view in *Thacker* and *Martin* and do so again here.

We have considered Brock's other arguments, but none has merit.

For these reasons, we AFFIRM.