NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2022[*]
Decided September 2, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 22-1155

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:03-cr-57 JD |
| CRISS DUNCAN, *Defendant-Appellant*. | Jon E. DeGuilio, *Chief Judge*. |

**O R D E R**

Criss Duncan appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Because the district court was correct that Duncan did not identify an extraordinary and compelling reason for release, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Duncan has a complicated sentencing history. A jury found him guilty of bank robbery, using a firearm in a crime of violence, malicious damage to a vehicle, and being a felon in possession of a firearm. *See* 18 U.S.C. §§ 2113(a), (d); 924(c)(1)(A); 844(i); 922(g). He was sentenced to 457 months: a mandatory 360 months for the § 924(c) charge followed by 97 months for the remaining charges, the minimum under the Sentencing Guidelines.

In the aftermath of *United States v. Booker*, 543 U.S. 220, 245 (2005), we ordered a limited remand to ascertain whether the district court would have imposed a different sentence had it known the Guidelines were merely advisory. *United States v. Duncan*, 413 F.3d 680, 684–85 (7th Cir. 2005) (citing *United States v. Paladino*, 401 F.3d 471, 483–85 (7th Cir. 2005)). The district court, however, proceeded to resentence Duncan, without explanation, to 360 months. But because we never relinquish jurisdiction when we issue a *Paladino* remand, the district court was without jurisdiction to resentence Duncan. We therefore vacated the sentence, interpreted the court's actions as an indication that it was inclined to resentence Duncan, and instructed the court on remand to resentence him and explain its reasoning. *United States v. Duncan*, 427 F.3d 464, 465 (7th Cir. 2005). The district court again sentenced Duncan to 457 months, explaining that the longer sentence was appropriate because he used a machine gun to commit a serious crime.

In 2021, more than fourteen years from his projected release date, Duncan moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). First, he said his age, then 62, and health problems—liver disease, obesity, and heart issues—increased his vulnerability to complications from COVID-19, which he has contracted once and is vaccinated against. Second, he contended that his sentence should be lowered in light of the decision in *Dean v. United States*, 137 S.Ct. 1170, 1177–78 (2017), which held that a sentencing court may offset a statutory-minimum sentence under § 924(c) by adjusting the sentence for any other offense, allowing for the possibility of a lower overall sentence.

The court denied the motion, concluding that Duncan had not shown an extraordinary and compelling reason for compassionate release. The court acknowledged that Duncan's age and health put him at a greater risk to COVID-19, but concluded that because Duncan's conditions "appear[ed] to be stable and well controlled," neither his age nor his health was an extraordinary and compelling circumstance. The court added that a change in the law such as *Dean* should not be an extraordinary and compelling reason for release because our precedent, principally *United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021), made clear that § 3582(c)(1)(A)(i)

cannot be used to effect a statutory reduction at odds with Congress's intent that its anti-stacking amendment to the First Step Act only be applied prospectively. And regardless, given the sentencing court's conclusion that the 457-month sentence was necessary, Duncan had not shown that his sentence would have been lower had he been sentenced after *Dean*. Alternatively, the court determined that the factors under 18 U.S.C. § 3553(a) weighed against release: Duncan's offense was "incredibly serious" and despite his impressive rehabilitation efforts he still posed "a threat to the public."

On appeal, Duncan argues that the district court read *Thacker* too broadly by concluding that the change in law brought about by *Dean* could not be an extraordinary and compelling reason. He adds that another recent Supreme Court decision, *Concepcion v. United States*, 142 S.Ct. 2389 (2022), confirms that *Thacker* should not prevent a change in the law from qualifying as extraordinary and compelling.

The court's interpretation of *Thacker* was correct. As we recently explained, "[t]here's nothing 'extraordinary' about new statutes or caselaw. . . these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review." *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022); *see also United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction."). That understanding is not altered by *Concepcion*, which referred to the compassionate-release statute only to suggest that Congress knew how to limit which considerations may be used to reduce a sentence affected by the First Step Act. *King*, 40 F.4th at 596.

Duncan also argues that the district court downplayed the additional risk COVID-19 posed to him because of his age and health. He contends that his age is more of a risk factor than the district court suggested and that, although he is vaccinated, a growing body of research suggests that he may still face a high risk from COVID-19. But courts are not required to release every prisoner with extraordinary and compelling health concerns. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). And here the district court adequately supported its decision that the § 3553(a) factors weighed against release, explaining that Duncan's "incredibly serious" offense, his criminal history, and his past recidivism meant he still posed a threat to public safety. *See* 18 U.S.C. § 3553(a)(1), (2); *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022).

AFFIRMED