BLD-238                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2204
_____

UNITED STATES OF AMERICA

v.

MIGUEL JUNIOR MORRIS, a/k/a "Tony,"
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:12-cr-00105-001)
District Judge:  Honorable Yvette Kane

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 8, 2022

Before:  MCKEE, GREENAWAY, JR., AND PORTER, <u>Circuit Judges</u>

(Opinion filed: October 7, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Miguel Morris, proceeding pro se, appeals from the District Court's denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In 2012, Morris was convicted of possession with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) following a bench trial. The District Court determined that Morris qualified as a career offender based on his prior state court drug convictions, and that he faced a statutory mandatory minimum sentence of 240 months' incarceration and a guideline range of 360 months to life. He was sentenced to 264 months' incarceration. Morris's efforts to challenge his conviction and sentence on direct appeal and via a 28 U.S.C. § 2255 motion were unsuccessful. His anticipated release date is in 2031.

In April 2022, after exhausting his administrative remedies, Morris filed a motion for compassionate release pursuant to § 3582(c)(1)(A), arguing that he is entitled to relief for the following reasons: (1) his prior drug convictions do not categorically qualify as felony drug offenses for purposes of triggering a 20-year mandatory minimum under § 841(b); (2) this Court's decision in United States v. Dominguez-Rivera, 810 F. App'x 110 (3d Cir. 2020) (not precedential), "invalidates" his career-offender designation; (3) he has experienced harsh conditions of confinement due to COVID-19; and (4) he has

2

taken steps towards rehabilitation. The District Court denied Morris's motion, concluding that he failed to demonstrate extraordinary and compelling reasons justifying his release, and that the sentencing factors described in 18 U.S.C. § 3553(a) weighed against granting relief. This timely appeal followed, and the Government has moved for summary affirmance.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, "we will not disturb the District Court's decision unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (alteration in original) (internal quotation marks omitted). We may take summary action if the appeal presents no substantial question. See 3d Cir. I.O.P. 10.6.

## III.

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release," 18 U.S.C. § 3582(c)(1)(A), if, among other things, it finds that "extraordinary and compelling reasons warrant such a reduction," id. § 3582(c)(1)(A)(i). Here, the District Court did not abuse its discretion in concluding that Morris failed to demonstrate extraordinary and compelling reasons justifying his release.[1]

---

[1] Before granting compassionate release, a district court must also consider the § 3553(a) factors "to the extent that they are applicable." See 18 U.S.C. § 3582(c)(1)(A). Here,

With respect to Morris's concerns regarding COVID-related prison conditions, Morris did not point to any health conditions placing him at a higher risk of serious illness from COVID-19, nor did he describe any circumstances setting him apart from other incarcerated individuals. Morris's generalized concerns are insufficient to constitute extraordinary and compelling reasons. Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). And to the extent that Morris argued that his efforts towards rehabilitation justified release, we see no error in the District Court's finding that Morris's "disciplinary record indicates that he is not a model prisoner." (Dist. Ct. Order entered June 14, 2022, at 4.)

Insofar as Morris argued that he should not have been subject to the 20-year mandatory minimum or sentenced as a career offender, challenges to the validity of a sentence are typically brought on direct appeal or under § 2255, not § 3582. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that § 2255 motions "are the presumptive means by which federal prisoners can challenge their convictions or sentences"); see also United States v. Brock, 39 F.4th 462, 465 (7th Cir. 2022) (noting that "the compassionate release statute cannot be used to challenge a sentence on grounds the defendant could have advanced on direct appeal"); United States v. Fine, 982 F.3d

---

because we conclude that the District Court did not abuse its discretion in concluding that Morris failed to demonstrate extraordinary and compelling reasons justifying his release, we need not reach the § 3553(a) factors.

1117, 1118-19 (8th Cir. 2020) (holding that defendant's § 3582(c)(1)(A) motion challenging his career-offender determination and resulting sentence amounted to an unauthorized second or successive § 2255 motion). To the extent that Morris argued that intervening developments in case law made it such that he would not be sentenced as a career offender today (even if his original sentence was proper), such developments do not provide an extraordinary and compelling reason for release. Cf. United States v. Andrews, 12 F.4th 255, 261 (3d Cir. 2021) (reasoning that "the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence" (citation to quoted case omitted)); Brock, 39 F.4th at 466 ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction.").

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.