In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________

No. 22-2427
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,

 v.

STANLEY E. VAUGHN,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court
 for the Central District of Illinois.
 No. 3:10-cr-30006-SLD-KLM-2 — Sara Darrow, Chief Judge.
 ____________________

 SUBMITTED MARCH 9, 2023 — DECIDED MARCH 15, 2023
 ____________________

 Before EASTERBROOK, BRENNAN, and ST. EVE, Circuit Judges.
 EASTERBROOK, Circuit Judge. Serving a 262-month sentence
for heroin-related crimes, Stanley Vaughn has repeatedly, and
unsuccessfully, sought compassionate release under 18 U.S.C.
§3582(c)(1). (Vaughn has a separate 240-month sentence, run-
ning consecutive to the 262-month sentence, imposed in a dif-
ferent district.) He contended in his latest eﬀort that his health
conditions (asthma, obesity, and hypertension) put him at
2 No. 22-2427

extra risk should he contract COVID-19; that he has com-
pleted classes demonstrating his rehabilitation; and that his
sentence is excessive in light of current legal standards. The
district judge deemed his arguments “generic” and denied his
application. 2022 U.S. Dist. LEXIS 129808 (C.D. Ill. July 21,
2022).
 COVID-19 has been a fact of life for more than three years.
For prisoners who have received a vaccine, the risk of serious
complications should they develop a breakthrough infection
is modest. Vaughn has not provided or pointed to any medi-
cal data suggesting that his combination of conditions puts
him at serious risk should he develop a breakthrough infec-
tion. Likewise he has not provided any data suggesting that
he is at greater risk of a dire outcome inside prison than he
would be outside—and if he would remain at comparable risk
outside prison, the possibility of infection cannot be described
as an “extraordinary and compelling” consideration support-
ing release. (The statute conditions compassionate release on
“extraordinary and compelling reasons”.)
 The vaccination rate among federal prisoners and guards
is substantial, and for all we can tell prisoners today are safer
inside than they would be outside. Things were otherwise be-
fore the vaccine, when close confinement made prisons, nurs-
ing homes, and some other places centers for COVID-19 fatal-
ities. We have not seen any data suggesting that this risk con-
tinues. See United States v. Broadfield, 5 F.4th 801 (7th Cir.
2021). New variants of the virus have been identified since
Broadfield, but new vaccines have been released to combat
them; Vaughn has not contended that the bivalent booster is
unavailable to him or would be ineﬀective for someone with
his combination of conditions.
No. 22-2427 3

 Taking classes while incarcerated is common rather than
extraordinary. If data showed that completion of particular
classes reliably put prisoners on the path to a law-abiding life,
that might satisfy the statutory requirement, but Vaughn has
not supplied any information along these lines. The Bureau of
Prisons or Sentencing Commission could have relevant infor-
mation, or there might be academic studies, but Vaughn has
not pointed to any.
 As for the 262-month sentence: Vaughn insists that United
States v. Ruth, 966 F.3d 642 (7th Cir. 2020), which post-dates
his sentencing, would lead to a lower sentence today. That is
far from clear. Vaughn’s lengthy sentence stems from his clas-
sification as a career oﬀender under the Sentencing Guide-
lines rather than from a statutory minimum sentence, and
Ruth specified that its holding does not aﬀect the career-of-
fender calculation. 966 F.3d at 651–54. At all events, we have
held that Ruth does not justify compassionate release as an in-
direct means to achieve retroactive application of that deci-
sion. United States v. Brock, 39 F.4th 462, 464–66 (7th Cir. 2022).
(White v. United States, 8 F.4th 547, 556–57 (7th Cir. 2021), held
that Ruth is not retroactive on collateral review under 28
U.S.C. §2255.)
 Vaughn maintains that his arguments collectively identify
“extraordinary and compelling reasons” even if none of them
does so independently. At least two circuits have held that it
is permissible to consider reasons jointly as well as severally.
United States v. Ruvalcaba, 26 F.4th 14, 28 (1st Cir. 2022); United
States v. McGee, 992 F.3d 1035, 1048 (10th Cir. 2021). But one
has gone the other way, remarking: “[W]hy would combining
unrelated factors, each individually insuﬃcient to justify a
sentence reduction, amount to more than the sum of their
4 No. 22-2427

individual parts?” United States v. McKinnie, 24 F.4th 583, 588
(6th Cir. 2022). See also United States v. McCall, 56 F.4th 1048,
1066 (6th Cir. 2022).
 The Sixth Circuit’s rhetorical question has some intuitive
appeal. Often 0 + 0 = 0. But not always. One persistent error in
legal analysis is to ask whether a piece of evidence “by itself”
passes some threshold—to put evidence in compartments
and ask whether each compartment suﬃces. But when one
court of appeals asked whether Fact A showed probable cause
for an arrest, then whether Fact B did so, whether Fact C did
so, and so forth, the Supreme Court reversed in a sharp opin-
ion reminding all judges that evidence should not be compart-
mentalized.
 [T]he [court of appeals] viewed each fact “in isolation, rather than
 as a factor in the totality of the circumstances.” This was “mis-
 taken in light of our precedents.” The “totality of the circum-
 stances” requires courts to consider “the whole picture.” Our
 precedents recognize that the whole is often greater than the sum
 of its parts—especially when the parts are viewed in isolation. In-
 stead of considering the facts as a whole, the [court of appeals]
 took them one by one. … The totality-of-the-circumstances test
 “precludes this sort of divide-and-conquer analysis.”

District of Columbia v. Wesby, 138 S. Ct. 577, 588 (2018) (internal
citations omitted). Similarly, we have held that in employ-
ment-discrimination cases a district court must consider the
evidence as a whole, rather than sorting facts into boxes and
asking whether each suﬃces.
 Evidence must be considered as a whole, rather than asking
 whether any particular piece of evidence proves the case by it-
 self—or whether just the “direct” evidence does so, or the “indi-
 rect” evidence. Evidence is evidence. Relevant evidence must be
 considered and irrelevant evidence disregarded, but no evidence
 should be treated diﬀerently from other evidence because it can
No. 22-2427 5

 be labeled “direct” or “indirect.” … Instead, all evidence belongs
 in a single pile and must be evaluated as a whole.

Ortiz v. Werner Enterprises, Inc., 834 F.3d 760, 765–66 (7th Cir.
2016).
 If we conceive of “extraordinary and compelling reasons”
as those diﬀerentiating one prisoner’s situation from 99% of
other prisoners, it is easy to see how Circumstance X could be
true of only 10% of prisoners, Circumstance Y of 10%, and
Circumstance Z of 10%—each insuﬃcient to meet the thresh-
old, but if they are independent then collectively enough to
place the applicant among only 0.1% of all federal prisoners.
We do not say here that 99% is the threshold for “extraordi-
nary and compelling reasons”; in the absence of guidance
from the Sentencing Commission, identifying the threshold is
committed to the discretion of district judges, with deferential
appellate review. See United States v. Gunn, 980 F.3d 1178 (7th
Cir. 2020). Our point, rather, is that no matter how the thresh-
old is defined, a combination of factors may move any given
prisoner past it, even if one factor alone does not. This leads
us to disagree with the Sixth Circuit’s approach.
 This does not help Vaughn in the end, however, because
the discretion to evaluate multiple circumstances resides prin-
cipally in the district courts. The district judge refused to con-
sider the eﬀect of Ruth, and properly so under this circuit’s
precedent. All of the other considerations that Vaughn ad-
vanced were taken into account, and we share the district
judge’s view that they are generic. Individually and collec-
tively, they fall short of “extraordinary and compelling rea-
sons”—or, at least, the district judge did not commit clear er-
ror or abuse her discretion in so ruling.
 AFFIRMED