**FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

JERRAMEY LYNDELL ROPER,

*Defendant-Appellant*.

No. 22-30021

D.C. No.
3:12-cr-05085-
BHS-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted March 27, 2023
Seattle, Washington

Filed July 6, 2023

Before: Jacqueline H. Nguyen and Andrew D. Hurwitz,
Circuit Judges, and David A. Ezra,[*] District Judge.

Opinion by Judge Ezra

---

[*] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

## SUMMARY[**]

## Criminal Law

Vacating the district court's denial of Jerramey Lyndell Roper's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), and remanding for the district court to consider the motion anew, the panel held that district courts may consider non-retroactive changes in post-sentencing decisional law affecting the applicable Sentencing Guidelines when assessing whether a defendant has established the requisite "extraordinary and compelling reasons."

Over the decade following the imposition of Roper's sentence as a career offender under U.S.S.G. § 4B1.1(a), intervening case law disqualified three of his prior convictions as predicates for the career-offender enhancement. If sentenced today, Roper would not qualify as a career offender.

The panel wrote that the logic of *United States v. Chen*, 48 F.4th 1092 (9th Cir. 2022) (addressing post-conviction change in statutory sentencing law and holding that a district court's discretion in sentence modifications is limited only by an express statement from Congress), which rested on *Concepcion v. United States*, 142 S. Ct. 2389 (2022) (holding that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act), applies with full force when the relevant change

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

in sentencing law is decisional. The panel wrote that considering decisional law in the extraordinary-and-compelling-reasons inquiry does not circumvent habeas, as Roper does not claim that his original sentence violated the Constitution or federal law and does not seek to correct sentencing errors.

The panel expressed no opinion as to the proper disposition of the motion on remand, holding only that the district court is not prohibited from considering the relevant changes in decisional law.

## COUNSEL

Terrence Kellogg (argued), Law Office of Terrence Kellogg, Port Townsend, Washington, for Defendant-Appellant.

Tania M. Culbertson (argued) and Teal L. Miller, Assistant United States Attorneys; Nicholas W. Brown, United States Attorney, Western District of Washington; Office of the United States Attorney; Seattle, Washington; David R. Jennings, Assistant United States Attorney; Office of the United States Attorney; Tacoma, Washington; for Plaintiff-Appellee.

**OPINION**

EZRA, District Judge:

In this case, we must determine whether district courts may consider non-retroactive changes in post-sentencing decisional law affecting the applicable Sentencing Guidelines when assessing whether a defendant has established the "extraordinary and compelling reasons" required for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). We hold that they can.

## I.   BACKGROUND

In 2013, Roper pleaded guilty to possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(2). The district court applied a "career-offender enhancement" to the sentence on the drug offense, which the Sentencing Guidelines recommend if, among other things, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines define a "[p]rior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2 cmt. n.1. Roper had four Washington state convictions that qualified as relevant felony offenses. Roper was sentenced to 204 months.

Over the next decade, intervening case law disqualified three of Roper's prior convictions as predicates for the career-offender enhancement. *See United States v. Valencia-Mendoza*, 912 F.3d 1215, 1218–24 (9th Cir. 2019)

(holding that whether a Washington state conviction qualifies as a predicate felony for the career-offender enhancement depends on the maximum sentence a defendant "*actually* could have received" under the Washington sentencing scheme, rather than the statutory maximum); *State v. Blake*, 481 P.3d 521 (Wash. 2021) (holding state statute prohibiting unlawful possession of a controlled substance unconstitutional).  If sentenced today, therefore, Roper would not qualify as a career offender under U.S.S.G. § 4B1.1(a).

Roper moved for sentence reduction in 2021.  Although the district court concluded that Roper's Guideline range would be reduced to 140 to 175 months if he were sentenced at the time of his motion, it denied relief, believing itself categorically prohibited from considering changes to sentencing law in determining whether "extraordinary and compelling reasons" warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  For the following reasons, we disagree.

## II.  STANDARD OF REVIEW

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and review the denial of a request for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion.  *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam).  Statutory interpretation is a question of law that we review de novo.  *See United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam).

## III. DISCUSSION

After the district court denied Roper's motion, we held that "Congress has only placed two limitations directly on extraordinary and compelling reasons: the requirement that district courts are bound by the Sentencing Commission's

policy statement . . . and the requirement that 'rehabilitation alone' is not extraordinary and compelling." *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (cleaned up) (quoting 28 U.S.C. § 994(t)). *Chen* joined the First, Fourth, and Tenth Circuits in holding that "district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)." *Id.* Our decision was guided by *Concepcion v. United States*, which held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. 2389, 2404 (2022). Critically, *Concepcion* identified only two "limits [on] the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence": "those set forth by Congress in a statute or by the Constitution." *Id.* at 2396, 2400. Though *Concepcion* dealt with a different provision of the First Step Act than the one before us in *Chen*,[1] we found its understanding of the district court's broad discretion equally applicable to § 3582(c)(1)(A) motions, stressing that Congress has only placed only two limitations on what may constitute extraordinary and compelling reasons: "the requirement that district courts are bound by the Sentencing Commission's policy statement," and the prohibition on considering rehabilitation alone. *Chen*, 48 F.4th at 1098; *see* 28 U.S.C. § 994(t) (giving the Sentencing

---

[1] Section 404 of the First Step Act, at issue in *Concepcion*, authorizes district courts to "impose a reduced sentence" for qualifying movants "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").

The Sentencing Commission's current policy statement, § 1B1.13, does not apply to defendant-filed motions for sentence reduction.[2]  *See Aruda*, 993 F.3d at 801–02; *Chen*, 48 F.4th at 1095.  The question before us is thus whether the district court's discretion extends to changes in decisional law impacting the advisory Sentencing Guidelines.  The First, Second, and Fourth Circuits have "kept the door open to motions" for sentence reduction based on such changes. *United States v. Williams*, 65 F.4th 343, 348 (7th Cir. 2023); *see United States v. Trenkler*, 47 F.4th 42, 48 (1st Cir. 2022); *United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020).  In contrast, the Sixth, Seventh, Eighth, and D.C. Circuits have found that decisional law cannot be considered an extraordinary and compelling reason for sentence reduction.  *See United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022) (en banc); *United States v. Brock*, 39 F.4th 462, 465–66 (7th Cir. 2022); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir.), *cert. denied*, 142 S. Ct. 2781 (2022); *United States v. Jenkins*, 50 F.4th 1185, 1200 (D.C. Cir. 2022).

---

[2] Although the Sentencing Commission recently issued a policy statement addressing defendant-filed motions, it is not yet in effect. Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254 (May 3, 2023).

### A. *Concepcion* Informs Our View that Courts May Consider Decisional Law in the Extraordinary and Compelling Reasons Inquiry.

*Chen*, which addressed post-conviction change in statutory sentencing law, held that "a district court's discretion in sentence modifications is limited only by an express statement from Congress." 48 F.4th at 1096 n.3. The logic of that holding, which rested on *Concepcion*, applies with full force when the relevant change in sentencing law is decisional.

Indeed, *Concepcion* expressly cited the statute now before us, § 3582(c), in concluding that Congress knew how to "cabin[] district courts' discretion" to determine eligibility for sentence reduction. 142 S. Ct. at 2401. The Court stressed that although "[i]n many cases, a district court is prohibited from recalculating a Guidelines range in light of nonretroactive Guidelines amendments . . . the court may find those amendments to be germane when deciding *whether to modify a sentence at all*, and if so, to what extent." *Id.* at 2400 (emphasis added); *see also id.* at 2403 ("Moreover, when raised by the parties, district courts have considered nonretroactive Guidelines amendments to help inform whether to reduce sentences at all, and if so, by how much."); *United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1004 (8th Cir. 2023) (observing that "*Concepcion* concerned what district judges may consider in exercising their discretion to grant or deny a sentence reduction").

*Concepcion*'s animating principle is the "venerable tradition of discretion" in sentencing and sentence-modification proceedings. *Concepcion*, 142 S. Ct. at 2401 n.4. The Court thus cautioned that "'[d]rawing meaning from silence is particularly inappropriate' in the sentencing

context." *Id.* at 2402 (quoting *Kimbrough v. United States*, 552 U.S. 85, 103 (2007)).  Congress's silence is, if anything, more significant here than in *Chen*, which involved a statutory sentencing change that Congress expressly made non-retroactive.[3]  *See* 48 F.4th at 1096.  Because Congress has not adopted a categorical bar to considering decisional law, we again "decline to create one now." *Id.* at 1099.

B. Considering Decisional Law in the Extraordinary and Compelling Reasons Inquiry Does Not Circumvent Habeas.

The government contends that Roper cannot use a motion for sentence reduction to bring claims "about the *validity of his sentence* that otherwise would be barred by the collateral-attack waiver in his plea agreement."  Decisions by some of our sister Circuit courts have expressed similar concerns.  *See Jenkins*, 50 F.4th at 1202 (holding that the habeas-channeling rule of *Preiser v. Rodriguez*, 411 U.S. 475 (1973), forbids "compassionate release based on legal errors at sentencing, including errors made clear through the retroactive application of intervening precedent"); *Brock*, 39 F.4th at 465; *Crandall*, 25 F.4th at 586; *McCall*, 56 F.4th at 1057–58.  But although both a defendant-filed motion for sentence reduction and a habeas petition may each result in an inmate's early release from custody, the two require different showings and carry different implications about the defendant's original conviction and sentence.  "Section 2255 grants a prisoner in custody the right 'at any time' to bring a

---

[3] *See* Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5221–22 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").

motion 'to vacate, set aside or correct the sentence' upon the ground that the 'sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . .'" *United States v. Baron*, 172 F.3d 1153, 1157 (9th Cir. 1999) (en banc) (quoting 28 U.S.C. § 2255). A motion for sentence reduction, on the other hand, "allows defendants to seek modifications even if their sentences were not imposed in violation of the Constitution or federal law." *Chen*, 48 F.4th at 1101; *see also Trenkler*, 47 F.4th at 48 ("[H]abeas and compassionate release are distinct vehicles for relief.").

Roper does not claim that his original sentence violated the Constitution or federal law. Nor does he seek "to correct sentencing errors." *Jenkins*, 50 F.4th at 1201. Rather he seeks to invoke the sentencing judge's discretion to reduce his sentence, presenting an amalgamation of circumstances—including legal changes creating a sentencing disparity among similarly situated defendants— that he claims are extraordinary and compelling. *See Trenkler*, 47 F.4th at 48 (describing habeas as "a method for automatic vacatur of sentences," and sentence reduction as an "exercise [of] leniency based on an individualized review of a defendant's circumstances").

The Supreme Court's habeas-channeling jurisprudence "has focused on the need to ensure that state prisoners use only habeas corpus . . . remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). But, because "the court's disposition of a compassionate release motion 'is

discretionary, not mandatory,'" *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (quoting *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020)), granting such a motion does not imply that the original sentence was unlawful. And, permitting the court to consider a change in sentencing law when analyzing a motion for sentence reduction "does not guarantee a particular result." *Chen*, 48 F.4th at 1101.

IV. CONCLUSION

Although Roper does not challenge the district court's decision that his other proffered reasons for sentence reduction do not by themselves justify granting his motion, that court should consider in the first instance whether the changes in decisional law tip the balance in Roper's favor. *See id.* (remanding for the district court to reassess the extraordinary and compelling analysis in light of all the defendant's proffered reasons); *see also United States v. Vaughn*, 62 F.4th 1071, 1073 (7th Cir. 2023) ("[A] combination of factors may move any given prisoner past [the threshold for relief], even if one factor alone does not."). We therefore vacate and remand for the district court to consider the motion anew. We of course express no opinion as to its proper disposition, holding only that the district court is not prohibited from considering the relevant changes in decisional law.

**VACATED AND REMANDED.**