**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1660
_____

UNITED STATES OF AMERICA

v.

DANIEL GATSON, also known as TOKYO GATSON,
also known as CRAIG, also known as BIG COUNTRY,
                                                                Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:13-cr-00705-001)
District Judge: Honorable William J. Martini

_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on August 10, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: September 20, 2023)

_____

---

OPINION[*]

---

PER CURIAM

Daniel Gatson is serving a 300-month federal sentence for transporting the proceeds of his many burglaries. He appeals the denial of his third motion for modification of his sentence (sometimes called compassionate release) under 18 U.S.C. § 3582(c)(1)(A)(i). On the Government's motions, we summarily affirmed the denial of his first two motions. See United States v. Gatson, No. 22-2443, 2022 WL 7857288 (3d Cir. Oct. 14, 2022); United States v. Gatson, No. 21-2749, 2021 WL 5632079 (3d Cir. Dec. 1, 2021). The Government has filed a motion for summary affirmance in this appeal too. The Government acknowledges that its motion is untimely under 3d Cir. L.A.R. 27.4(b), but it asks us to consider its motion and summarily affirm because this appeal is frivolous. We agree.

Gatson's first two motions were based primarily on his arguments that his health conditions (obesity and hypertension) make him susceptible to complications from COVID-19 and that he has been rehabilitated in prison. Gatson repeated the same arguments in his third motion, and the District Court denied them for reasons that we already have affirmed. We will not address them again except to refer Gatson to our prior decisions.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

See, e.g., Gatson, 2022 WL 7857288, at *1 (explaining the governing legal framework and our abuse-of-discretion standard of review).

The only thing new about Gatson's third motion is his reliance on United States v. Banks, 55 F.4th 246 (3d Cir. 2022). In that case, we held that the victim-loss enhancement of U.S.S.G. § 2B1.1 applies only to actual loss, not intended loss. See id. at 255-58. Gatson argues that Banks invalidates the § 2B1.1 loss enhancement applied in his case. He further argues that Banks constitutes an "extraordinary and compelling reason[]" for modifying his sentence under § 3582(c)(1)(A)(i).[1]

The District Court properly ruled that it does not. We do not appear to have addressed in a precedential opinion whether decisional law relating to an advisory Guidelines range can factor into whether a prisoner has shown "extraordinary and compelling reasons" for a sentence modification. Cf. United States v. Andrews, 12 F.4th 255, 261-62 (3d Cir. 2021) (holding that a non-retroactive change in statutory sentencing law is not "extraordinary and compelling" but might be relevant in weighing the 18 U.S.C. § 3553(a) factors), cert. denied, 142 S. Ct. 1446 (2022). Other Court of Appeals are split on that question. See, e.g., United States v. Roper, 72 F.4th 1097, 1101 (9th Cir. 2023) (collecting cases).

---

[1] The caption of Gatson's motion also referenced 18 U.S.C. § 3582(c)(2), but neither his motion nor his brief on appeal contains any argument under that provision. That provision does not apply here because Gatson does not claim to have been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2).

We need not address the issue in this case because Banks plainly does not apply to Gatson.  Banks holds that intended loss is not a basis for an enhancement under U.S.S.G. § 2B1.1.  But as the District Court explained, Gatson's sentence was based on actual loss, not intended loss.  Gatson's Presentence Investigation Report explained that the victims of his many burglaries sustained actual losses of approximately $3.6 million in the form of theft and property damage.  (PSR at 16-19, 21 ¶¶ 64-66, 74.)  See also Gatson, 2021 WL 5632079, at *1 (noting that "[t]he property [involved in Gatson's crimes], valued at $3.6 million, had been stolen from multiple residences"); United States v. Gatson, 744 F. App'x 97, 102 (3d Cir. 2018) (explaining, in affirming Gatson's sentence, that it was based on "a number of factors, including the total value of the losses from the burglaries").  There was no mention of intended loss in Gatson's PSR, in the parties' sentencing memoranda, or at Gatson's sentencing.  Nor is Banks otherwise relevant to the § 2B1.1 loss calculation in Gatson's case.[2]  Thus, Gatson's reliance on Banks is frivolous.

For these reasons, we grant the Government's motion for summary affirmance and will affirm the judgment of the District Court.  The Government's motion to be relieved from filing a brief is denied as moot.

---

[2] Gatson argues that the District Court, instead of relying at sentencing on the approximately $3.6 million in actual loss calculated in his PSR, should have relied only on the loss of approximately $244,000 reported by "named insurance companies."  But  Banks does not address how to calculate actual loss, and Gatson's unsupported argument in this regard does not otherwise state any basis for relief.

4