NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HECTOR CIRINO,

Defendant-Appellant.

No. 21-10326

D.C. No. 2:03-cr-00176-JCM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 10, 2023[**]

Before:      S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Hector Cirino appeals from the district court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A).  We have jurisdiction

under 28 U.S.C. § 1291, and we vacate and remand.

Cirino contends that the district court misinterpreted § 3582(c)(1)(A) by

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

concluding that it could not consider changes in sentencing law as an extraordinary and compelling reason for release. After the district court's decision, we held that district courts may consider non-retroactive changes in sentencing law as an extraordinary and compelling reason for a sentence reduction. *See United States v. Roper*, 72 F.4th 1097, 1099 (9th Cir. 2023) ("district courts may consider non-retroactive changes in post-sentencing decisional law affecting the applicable Sentencing Guidelines" when considering whether the defendant has established extraordinary and compelling reasons under § 3582(c)(1)(A)(i)); *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) ("[D]istrict courts may consider non-retroactive changes in sentencing law . . . when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)."). We vacate and remand so that the district court can reassess Cirino's motion in light of our decisions in *Roper* and *Chen*.

We offer no views as to the merits of Cirino's § 3582(c)(1)(A) motion, and we do not reach his remaining arguments on appeal.

**VACATED and REMANDED.**