NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIS LUSIANO ROMO,

Defendant - Appellant.

No. 23-321

D.C. No.
1:13-cr-00113-SPW-1
District of Montana, Billings

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted December 4, 2023
Portland, Oregon

Before: BERZON, NGUYEN, and MILLER, Circuit Judges.

Felis Lusiano Romo appeals the district court's denial of his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction under

28 U.S.C. § 1291.  Reviewing for abuse of discretion, *see United States v. Roper*,

72 F.4th 1097, 1100 (9th Cir. 2023), we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Romo contends that the district court failed to comply with 18 U.S.C. § 3553(a) because "the sentence he is currently serving would constitute an upward departure from the applicable guideline range" based on his current criminal history and the court "did not articulate a reason" for the deviation. The district court acknowledged that "the changes in his criminal history . . . could have impacted his sentencing advisory guidelines range." It then explained that the § 3553(a) factors would not be served by a lower sentence due to the seriousness of Romo's heavy involvement in a violent and wide-reaching drug conspiracy and the fact that his sentence had already been reduced pursuant to an amendment to the sentencing guidelines. These observations were sufficiently responsive to Romo's argument that the court should consider in its § 3553(a) analysis that his guidelines range would be lower if he had been sentenced at the time of the motion.

The district court "adequately 'considered [Romo's] motion and had a reasoned basis for exercising [its] legal decisionmaking authority,'" which "is all that the law requires." *United States v. Wright*, 46 F.4th 938, 952–53 (9th Cir. 2022) (cleaned up) (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018)). To the extent the court concluded, contrary to *Roper*, that changes in state law cannot serve as an "extraordinary and compelling" reason for a sentence reduction, 18 U.S.C. § 3582(c)(1)(A)(i), any such error was harmless. *See Wright*, 46 F.4th at 947–48.

23-321

**AFFIRMED.**