In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________

No. 22-1798
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,

 v.

WOLFGANG VON VADER,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court
 for the Western District of Wisconsin.
 No. 3:99CR00125-001 — James D. Peterson, Chief Judge.
 ____________________

 ARGUED JANUARY 12, 2023 — DECIDED JANUARY 24, 2023
 ____________________

 Before SYKES, Chief Judge, and EASTERBROOK and RIPPLE,
Circuit Judges.
 EASTERBROOK, Circuit Judge. After pleading guilty in the
Western District of Wisconsin to distributing methampheta-
mine, Wolfgang Von Vader was sentenced to 270 months’ im-
prisonment. When sentencing him in 2000, the court ruled
that his prior convictions make him a “career oﬀender” for the
purpose of U.S.S.G. §4B1.1. He did not appeal. In 2012 Von
Vader pleaded guilty to possessing heroin in prison. That led
2 No. 22-1798

to an additional ten-year sentence, imposed by the District of
Kansas.
 Developments since 2000 call into question the length of
the 270-month sentence. Von Vader contends, and we shall
assume, that Johnson v. United States, 576 U.S. 591 (2015), and
Mathis v. United States, 579 U.S. 500 (2016), show that one or
more of his previous convictions should not have been
counted toward the number required for classiﬁcation as a ca-
reer oﬀender. In 2017 Von Vader sought collateral relief under
28 U.S.C. §2255. But the district court dismissed the petition
as untimely, whether measured from Johnson or from Mathis,
and added that Von Vader had not met the requirements for
equitable tolling of the time limit set by §2255(f). 2018 U.S.
Dist. LEXIS 205763 (W.D. Wis. Dec. 6, 2018). We denied Von
Vader’s request for a certiﬁcate of appealability.
 Von Vader then recast his Johnson and Mathis arguments.
He applied to the district courts in both Kansas and Wisconsin
for compassionate release under 18 U.S.C. §3582(c)(1), con-
tending that the (asserted) sentencing error in 2000 is an “ex-
traordinary and compelling” reason for release. We held in
United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020), that district
courts may grant prisoner-initiated petitions under this stat-
ute, notwithstanding the absence of an applicable Guideline,
but that release is possible only if the statutory threshold of
“extraordinary and compelling” reasons has been satisﬁed.
Both the District of Kansas and the Western District of Wis-
consin denied Von Vader’s applications. We have nothing
more to say about the former, because appellate review is in
the Tenth Circuit. The lader is within our jurisdiction.
 According to the United States, however, the Western Dis-
trict of Wisconsin itself lacked jurisdiction to consider Von
No. 22-1798 3

Vader’s application. That is because his 2000 sentence has ex-
pired and custody now depends on the 2012 sentence. The
United States contends that §3582(c) does not authorize re-
lease from an expired sentence, which makes Von Vader’s ap-
plication in Wisconsin moot.
 We may assume without deciding that a retroactive reduc-
tion is unauthorized by statute, but do not see how this moots
Von Vader’s request. If §3582(c) does not supply authority for
the relief Von Vader wants, then he loses on the merits, not for
lack of jurisdiction. See Bell v. Hood, 327 U.S. 678 (1946).
 Relief is possible if Von Vader is right on the law. The
judge in Wisconsin could order the Bureau of Prisons to treat
the Wisconsin sentence as if it had expired earlier and to re-
duce the time remaining on the Kansas sentence accordingly.
Or the court in Wisconsin could make an adjustment in the
length of supervised release, on the Wisconsin sentence, that
will follow the conclusion of the Kansas sentence. As long as
relief is possible in principle, the fact that a given request may
fail on statutory grounds does not defeat the existence of an
Article III case or controversy. Chaﬁn v. Chaﬁn, 568 U.S. 165,
171–72 (2013); Shahi v. Department of State, 33 F.4th 927, 931
(7th Cir. 2022).
 This brings us to the merits, and we can be brief. Von
Vader contends that his original sentence is legally defective.
We have held, however, that a legal contest to a sentence must
be resolved by direct appeal or motion under §2255, not by
seeking compassionate release under §3582. See, e.g., United
States v. Thacker, 4 F.4th 569 (7th Cir. 2021); United States v.
Martin, 21 F.4th 944 (7th Cir. 2021); United States v. Brock, 39
F.4th 462 (7th Cir. 2022); United States v. King, 40 F.4th 594 (7th
4 No. 22-1798

Cir. 2022). Accord, United States v. Jenkins, 50 F.4th 1185 (D.C.
Cir. 2022). As we put it in Brock:
 Judicial decisions, whether characterized as announcing new law
 or otherwise, cannot alone amount to an extraordinary and com-
 pelling circumstance allowing for a sentence reduction. To permit
 otherwise would allow §3582(c)(1)(A) to serve as an alternative to
 a direct appeal or a properly ﬁled post-conviction motion under
 28 U.S.C. §2255. We rejected that view in Thacker and Martin and
 do so again here.

39 F.4th at 466. In other words, the sort of “extraordinary and
compelling” circumstance that §3582(c)(1) addresses is some
new fact about an inmate’s health or family status, or an
equivalent post-conviction development, not a purely legal
contention for which statutes specify other avenues of relief—
avenues with distinct requirements, such as the time limits in
§2255(f) or the need for a declaration by the Sentencing Com-
mission that a revision to a Guideline applies retroactively.
See 18 U.S.C. §3582(c)(2); U.S.S.G. §1B1.10.
 According to Von Vader, Thacker and its successors are be-
side the point because an institutional rather than a legal error
aﬀected him. He tells us that the Sentencing Commission’s
staﬀ compiled a list of inmates potentially aﬀected by Johnson
and Mathis, distributing the information to federal defenders’
oﬃces for use in seeking relief under §2255. Von Vader main-
tains that either the Commission left him oﬀ its list or the fed-
eral defender in Western Wisconsin fell down on the job; one
way or another, no one approached him with an oﬀer to ﬁle a
timely §2255 motion.
 Yet prisoners do not have a right, either constitutional or
statutory, to legal assistance in initiating a request for collat-
eral relief. The Criminal Justice Act permits district judges to
appoint counsel to assist prisoners seeking collateral relief, 18
No. 22-1798 5

U.S.C. §3006A(a)(2)(B), but does not require that step, either
before or after a §2255 petition is on ﬁle. The norm in federal
procedure is for a prisoner to ﬁle his own §2255 motion and
seek appointment of counsel afterward. That norm was fol-
lowed in Von Vader’s situation, which therefore cannot be
called “extraordinary and compelling”. A norm is the oppo-
site of anything extraordinary. And §3582(c) assuredly is not
a means to obtain indirect review of a district court’s ruling,
in an action ﬁled under §2255, that the prisoner is not entitled
to equitable tolling of the statutory time limit.
 AFFIRMED