In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________

No. 22-1981
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,

 v.

LEONARD WILLIAMS, JR.,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court
 for the Central District of Illinois.
 No. 3:18-cr-30006-SEM-TSH — Sue E. Myerscough, Judge.
 ____________________

 SUBMITTED MARCH 9, 2023 — DECIDED MARCH 13, 2023
 ____________________

 Before EASTERBROOK, BRENNAN, and ST. EVE, Circuit Judges.
 EASTERBROOK, Circuit Judge. Leonard Williams is among
the many federal prisoners who believe that a legal error in a
sentence creates an “extraordinary and compelling” reason
for compassionate release under 18 U.S.C. §3582(c)(1). We re-
jected that position in United States v. Thacker, 4 F.4th 569 (7th
Cir. 2021), and have applied Thacker many times since. We
also have concluded that Thacker is unaﬀected by Concepcion
v. United States, 142 S. Ct. 2389 (2022), which concerns the
2 No. 22-1981

circumstances that a district court must consider when resen-
tencing a defendant but does not deﬁne the sort of “extraor-
dinary and compelling” circumstances that justify a lower
sentence. See, e.g., United States v. King, 40 F.4th 594 (7th Cir.
2022); United States v. Von Vader, 58 F.4th 369 (7th Cir. 2023).
Accord, United States v. Jenkins, 50 F.4th 1185 (D.C. Cir. 2022).
 As Williams sees ma]ers, his sentence is too long because
a district court treated him as having a prior conviction for
unlawful drug delivery, which increased his minimum sen-
tence to 10 years. 21 U.S.C. §841(b)(1)(B). Williams insists that
United States v. Ruth, 966 F.3d 642 (7th Cir. 2020), which post-
dates his sentencing, shows that his conviction for delivery of
cocaine in Illinois does not satisfy the criteria of a “serious
drug felony” under §841(b)(1)(B). But United States v. Brock, 39
F.4th 462, 464–66 (7th Cir. 2022), holds that Ruth does not sup-
port compassionate release. As we put it in Von Vader, “the
sort of ‘extraordinary and compelling’ circumstance that
§3582(c)(1) addresses is some new fact about an inmate’s
health or family status, or an equivalent post-conviction de-
velopment, not a purely legal contention for which statutes
specify other avenues of relief—avenues with distinct re-
quirements, such as the time limits in [28 U.S.C.] §2255(f) or
the need for a declaration by the Sentencing Commission that
a revision to a Guideline applies retroactively. See 18 U.S.C.
§3582(c)(2); U.S.S.G. §1B1.10.” 58 F.4th at 371. There’s nothing
“extraordinary” about a legal error by a district court (or a
court of appeals), and the law provides methods other than
compassionate release for dealing with claims of legal error.
 Williams ﬁled in this court a brief making arguments other
than the one based on Ruth. He contends that he has a spotless
conduct record in prison and has completed educational
No. 22-1981 3

programs that will allow him to participate in society without
commi]ing additional crimes. He also contends that he is at
greater risk of contracting COVID-19 and other diseases in
prison than he would be if released. The district court did not
address these contentions, and the United States provides an
explanation: Williams did not present them to the Bureau of
Prisons. The statute requires inmates to seek administrative
relief ﬁrst. Section 3582(c)(1)(A) provides that the court may
provide relief “upon motion of the defendant after the de-
fendant has fully exhausted all administrative rights to appeal
a failure of the Bureau of Prisons to bring a motion on the de-
fendant’s behalf or the lapse of 30 days from the receipt of
such a request by the warden of the defendant’s facility”. This
means that an inmate must present to the Bureau the same
reasons later presented to the court; permi]ing an inmate to
argue new reasons in court amounts to bypassing a request
for administrative relief. United States v. Williams, 987 F.3d
700, 703 (7th Cir. 2021). Ruth is the only reason that Williams
presented to the Bureau and therefore, the United States con-
tends, the only one the judiciary may consider.
 Failure to exhaust is an aﬃrmative defense, or perhaps a
mandatory claims-processing rule. Under either characteriza-
tion, it is the sort of entitlement that is lost if withheld in the
district court or otherwise raised belatedly. See, e.g., United
States v. Sanford, 986 F.3d 779, 782 (7th Cir. 2021). See also Fort
Bend County v. Davis, 139 S. Ct. 1843, 1849 (2019) (discussing
the charge-ﬁling requirement in employment-discrimination
law). The United States never contended in the district court
that Williams had failed to exhaust administrative opportuni-
ties on subjects other than the eﬀect of Ruth, and perhaps it is
too late to raise this argument now.
4 No. 22-1981

 There’s a good reason, however, why the United States did
not make this argument—or any other—in the district court.
The judge summarily denied Williams’s application the day
after the court received it. Williams immediately appealed ra-
ther than seeking reconsideration. As a result, its brief on ap-
peal was the United States’ ﬁrst opportunity to contend that
Ruth is the only potential ground of relief that Williams has
preserved. A litigant that presents an aﬃrmative defense at its
earliest opportunity cannot be blamed for undue delay.
 One circuit has held otherwise. United States v. Miller, 2021
U.S. App. LEXIS 26630 (6th Cir. Sept. 2, 2021). But a diﬀerent
court of appeals has held that the United States may assert
non-exhaustion in the court of appeals when it lacked an op-
portunity to do so in the district court. See United States v. Pu-
rify, 2021 U.S. App. LEXIS 35783 (10th Cir. Dec. 3, 2021). Both
the Sixth Circuit and the Tenth Circuit thought the ma]er so
straightforward that they resolved it in nonprecedential or-
ders. It seems simple to us, too, and we side with the Tenth
Circuit. As far as we can see, none of the courts of appeals has
addressed this subject in a published, precedential opinion.
None, that is, until today. We hold that a defense of failure to
exhaust under §3582(c)(1)(A) is timely if raised by the United
States at its ﬁrst opportunity, even if that opportunity does
not come until brieﬁng on appeal. Cf. Hamer v. Neighborhood
Housing Services of Chicago, 897 F.3d 835 (7th Cir. 2018). It fol-
lows that Williams has failed to exhaust his administrative
remedies on grounds other than the eﬀect of Ruth.
 AFFIRMED