**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3219
_____

UNITED STATES OF AMERICA

v.

JAMES T. WILLIAMS, also known as MAX, also known as MATH, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-95-cr-00407-002)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 27, 2023
Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: May 17, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Williams appeals pro se from the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We grant the Government's motion for summary affirmance and will affirm.

In 1996, Williams was convicted in the United States District Court for the Eastern District of Pennsylvania of armed bank robbery and related crimes. He was sentenced to a term of 687 months in prison. Williams unsuccessfully sought relief on direct appeal and via 28 U.S.C. § 2255. In 2020, Williams filed his first motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), based on a change to the sentencing provision in 18 U.S.C. § 924(c). The proceedings were stayed pending a decision in United States v. Andrews, 12 F.4th 255 (3d Cir. 2021). After this Court in Andrews held that a nonretroactive change to a sentencing law does not present "extraordinary and compelling" circumstances warranting compassionate release, see id. at 261, Williams's motion for compassionate release was denied.

In 2022, Williams filed a second motion for compassionate release, arguing that the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022), permitted district courts to consider nonretroactive changes in sentencing laws alongside other extraordinary and compelling reasons for granting compassionate release. The District Court denied his motion, concluding that Concepcion did not abrogate Andrews and that the other factors Williams highlighted, such as his age, low risk of recidivism, rehabilitation efforts, and lengthy sentence, did not warrant release. Williams appeals the denial of his motion. The Government has moved for summary affirmance, and Williams has responded.

We have jurisdiction under 28 U.S.C. § 1291.  We review a District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment.  See Andrews, 12 F.4th at 259.  We may summarily affirm a District Court's decision if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4.

We will grant the Government's motion for summary affirmance.  As the District Court correctly held, nonretroactive changes to mandatory minimums, like the change in law Williams relied upon, do not present extraordinary or compelling reasons for release.  See Andrews, 12 F.4th at 261 (reasoning that "the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence") (cleaned up).  Williams contends that Concepcion constituted an intervening change of law and permitted the District Court to consider nonretroactive changes in the law alongside other extraordinary and compelling reasons for release.  While the Supreme Court in Concepcion clarified that courts may consider intervening changes in law when a defendant is resentenced under the First Step Act, see 142 S. Ct. at 2396, it did not address the "threshold question" at issue here: "whether [Williams] has established an 'extraordinary and compelling' reason for release" under the compassionate release statute, United States v. King, 40 F.4th 594, 596 (7th Cir. 2022).  Andrews thus continues to foreclose Williams's argument that he should be granted compassionate release based on the change in the sentencing law.

3

Williams also argued that other extraordinary and compelling reasons warranted his compassionate release, including the potential risk of harm associated with the COVID-19 pandemic; his relatively young age at the time of the offense; the significant time he had already served; his current age and low risk of recidivism; his efforts at rehabilitation; and the disparity between his sentence and the sentences of his co-defendants who cooperated with law enforcement. We discern no abuse of discretion in the District Court's conclusion that these reasons were insufficient to warrant compassionate release under the circumstances here. See United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"); Andrews, 12 F.4th at 260–62 (explaining that the duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance and finding no clear error with the determination that defendant's age, rehabilitation, and general susceptibility to COVID-19 were not compelling reasons warranting compassionate release).[1]

---

[1] To the extent that Williams raises claims related to his underlying criminal judgment or the disposition of his prior § 2255 motion, such issues are not the sort of "extraordinary and compelling" circumstances that § 3582(c)(1) addresses, see United States v. Von Vader, 58 F.4th 369, 371 (7th Cir. 2023), and can be raised only in § 2255 proceedings, see Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that § 2255 motions "are the presumptive means by which federal prisoners can challenge their convictions or sentences"); United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023) (holding that "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence" and, instead, must be use the avenues provided in Chapter 153 of Title 28, such as § 2255).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.