CLD-212                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1729
_____

UNITED STATES OF AMERICA

v.

WILLIAM J. O'BRIEN, III, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:15-cr-00021-001)
District Judge: Honorable Nitza I. Quiñones Alejandro

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 11, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: October 28, 2025)

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant William O'Brien III is a federal prisoner. He appeals from a District Court order denying a motion for compassionate release. The government filed a motion for summary affirmance and for leave to be excused from filing a brief. For the following reasons, we will grant the government's motion and summarily affirm the District Court's denial of O'Brien's motion for compassionate release.

I

O'Brien was a physician who dispensed medically unnecessary drugs to individuals for cash and sexual favors. See United States v. O'Brien, 738 F. App'x 38, 39 (3d Cir.) (not precedential), cert. denied, O'Brien v. United States, 586 U.S. 905 (2018). Following a lengthy trial, a jury in the United States District Court for the Eastern District of Pennsylvania found O'Brien guilty of numerous charges. His convictions included conspiracy to dispense and distribute controlled substances outside the course of professional practice and without legitimate medical purposes, distribution of controlled substances, and money laundering. O'Brien received a sentence of 30 years imprisonment.

This Court affirmed O'Brien's judgment of conviction on direct appeal. See O'Brien, 738 F. App'x at 44. O'Brien then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court denied that motion. O'Brien appealed and this Court denied O'Brien a certificate of appealability.

O'Brien then filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The District Court denied that motion.

Thereafter, in November 2023, O'Brien filed a second motion for compassionate release, also pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). O'Brien raised three issues, namely that he was entitled to immediate release: (1) due to the faulty jury instructions at his trial relying on Ruan v. United States, 597 U.S. 450 (2022); (2) due to the circumstances of his elderly and ill mother; and (3) due to the inadequate medical care he has received while incarcerated. The District Court denied O'Brien's second motion for compassionate release in an order entered on March 26, 2025. O'Brien appealed.

After O'Brien filed his opening appellate brief, the government filed a motion for summary affirmance on June 3, 2025. O'Brien subsequently filed a motion to stay this appeal pending United States v. Fernandez, 104 F.4th 420, 431-32 (2d Cir. 2024), cert. granted in part, Fernandez v. United States, No. 24-556, 2025 WL 1496486 (May 27, 2025).[1]

II

We have jurisdiction under 28 U.S.C. § 1291. An order denying a motion for compassionate release is reviewed for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "An abuse of discretion exists when the decision rests 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" Hope v. Warden York Cnty. Prison, 972 F.3d 310, 320 (3d Cir. 2020) (citation omitted).

---

[1] Fernandez is scheduled for oral argument before the Supreme Court on November 12, 2025.

3

## III

A federal prisoner may warrant compassionate release based on "extraordinary and compelling reasons," provided that the District Court makes a favorable assessment using the 18 U.S.C. § 3553(a) factors and any applicable policy statements. See Pawlowski, 967 F.3d at 329 & 329 n.6. Here, the District Court rejected O'Brien's claims for compassionate release solely because he failed to demonstrate an extraordinary and compelling reason to warrant granting his motion. It did not reach or examine the § 3553(a) factors.

The District Court did not abuse its discretion in denying O'Brien's compassionate release motion as he did not establish extraordinary and compelling reasons to warrant such relief. O'Brien first argued he was entitled to compassionate release based on the Supreme Court decision in Ruan, 597 U.S. 450. In Ruan, the Supreme Court addressed the mens rea requirement the government must prove when it seeks to convict doctors like O'Brien for dispensing controlled substances improperly. The Supreme Court held that after a defendant produced evidence that he was authorized to dispense controlled substances, "the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." Id. at 454.

According to O'Brien, he was entitled to compassionate release because the District Court erred at his trial regarding how it instructed the jury on this point.

This claim appears to be an attempt to challenge his underlying conviction via this compassionate release motion. However, a compassionate release motion is not a substitute for obtaining relief pursuant to 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that § 2255 motions "are the presumptive means by which federal prisoners can challenge their convictions or sentences"); see also United States v. Von Vader, 58 F.4th 369, 371 (7th Cir. 2023) ("extraordinary and compelling circumstances" do not include "a purely legal contention for which statutes specify other avenues of relief"). Thus, the District Court did not abuse its discretion by denying O'Brien compassionate release based on this argument.

O'Brien filed a motion to stay this appeal pending the Supreme Court's decision in Fernandez based on the claim described above. In Fernandez, the Supreme Court granted certiorari on the issue of whether a court can consider reasons that should be brought under 28 U.S.C. § 2255 in analyzing a motion for compassionate release. In that case, the United States Court of Appeals for the Second Circuit noted that almost all of the Circuits that have analyzed this issue have determined that such reasons *should not* be considered as a possible extraordinary and compelling reason to warrant granting a defendant's compassionate release motion. See Fernandez, 104 F.4th at 431-32 (citing cases from the Third, Fourth, Sixth, Eighth, Ninth, Tenth and D.C. Circuits that such reasons should not be considered in the context of establishing an extraordinary or compelling reason to possibly grant a compassionate release motion). But see United States v. Trenkler, 47 F.4th 42, 48 (1st Cir. 2022).

5

Nonetheless, O'Brien's Ruan claim would not constitute an extraordinary or compelling circumstance for possible compassionate release even if it could be considered in this context. Indeed, this Court on direct appeal recounted the "parade of witnesses, a confidential informant, videotape evidence, and expert testimony indicat[ing] that O'Brien had prescribed oxycodone and methadone to numerous individuals . . . outside the usual course of professional practice and for no medical purpose[.]" O'Brien, 738 F. App'x at 40. Further, the District Court *did* instruct the jury with relation to willful blindness that it was required to find that O'Brien subjectively believed that he was acting outside the usual course of medical practice. For these reasons, O'Brien's motion for a stay pending Fernandez is denied.

Next, the District Court also did not abuse its discretion by denying O'Brien compassionate release due to the circumstances of his elderly and ill mother. O'Brien attached an affidavit from his mother in which she stated that she is 83 years old, lives alone, has other children but that they live in Ohio and New Jersey. She also stated in her affidavit that she suffers from hypertension, heart disease, and arthritis, and has had brain surgery due to blood on her brain.

Section 1B1.13(b)(3)(C) of the United States Sentencing Guidelines permits a District Court to consider the family circumstances of an inmate with respect to deciding a compassionate release motion. However, that section further explains that such circumstances are to be considered when the defendant "would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). That was not shown in this case.

6

We are sympathetic to O'Brien's mother's age and health, but here, the District Court simply did not abuse its discretion in denying O'Brien's motion for compassionate release based on the circumstances presented in this record.

Finally, O'Brien sought compassionate release based on his own health. The Sentencing Guidelines' policy statement specifies that a District Court can consider a defendant's medical conditions in analyzing a compassionate release motion. See U.S.S.G. § 1B1.13(b)(1)(A)-(C). O'Brien's motion for compassionate release discussed his eye ailments and that he, at times, has not received "snack bag[s]" and vitamins while incarcerated.

The District Court did not abuse its discretion in denying compassionate release on this final claim. For essentially the reasons discussed by the District Court, O'Brien failed to show that his medical conditions constituted an extraordinary and compelling reason to warrant his compassionate release from incarceration.

IV

The government's motion for summary affirmance and to be relieved from filing a brief is granted as we conclude that there is no substantial question presented by this appeal. Accordingly, we will summarily affirm the District Court's judgment. O'Brien's motion to stay and all other pending requests are denied.