**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5470 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00248-PJH-3 |
| v. | |
| ANTHONY JOSE MYERS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted September 17, 2025
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.**

Anthony Myers appeals the denial of a motion for compassionate release.

Myers went to federal prison for two separate crimes. First, in 2012, he was

sentenced to 151 months' imprisonment for Hobbs Act robbery in the Northern

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David F. Hamilton, United States Circuit Judge for the
Court of Appeals, 7th Circuit, sitting by designation.

District of California (the "2012 sentence"). Second, in 2021, he was sentenced to 42 months' imprisonment for weapons possession in the Western District of Virginia (the "2021 sentence"). The 2021 sentence was imposed consecutively to the 2012 sentence. Myers moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in the Northern District of California to shorten the 2012 sentence. The district court denied the motion. We AFFIRM.

1. During this appeal, Myers fully finished serving the 2012 sentence. Thus, we must first assure ourselves that this case is not moot. *Renee v. Duncan*, 686 F.3d 1002, 1016 (9th Cir. 2012) ("[W]e have an independent obligation to ensure that a case is not moot within the meaning of Article III.") (simplified). A matter "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party," *Chafin v. Chafin*, 568 U.S. 165, 172 (2013), "assum[ing] as valid" a party's claims on the merits, *Dep't of Educ. v. Brown*, 600 U.S. 551, 564 (2023). Here, assuming that a district court has statutory authority to modify a completed sentence under 18 U.S.C. § 3582(c)(1)(A)(i), *see Brown*, 600 U.S. at 564, we are aware of nothing preventing the Bureau of Prisons from administratively reassigning Myers's time served from his first to his second sentence. In other words, Article III is satisfied because granting Myers's motion to reduce his 2012 sentence could accelerate his release from prison. *See* 18 U.S.C. § 3584(c) (requiring the Bureau of Prisons to treat multiple consecutive sentences as a "single

aggregate term"); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) ("As long as relief is possible in principle, the fact that a given request may fail on statutory grounds does not defeat the existence of an Article III case or controversy.").

2. The government first contends that this court should vacate the district court order and remand with instructions to dismiss the motion for lack of jurisdiction. Because Myers completed the 2012 sentence, the government claims that the Northern District of California court was without jurisdiction to entertain his motion to reduce a consecutive sentence imposed by the Western District of Virginia. But we see the case differently. Myers only asks the Northern District of California to reduce his 2012 sentence. He does not claim the district court had authority to shorten the 2021 sentence imposed by the Western District of Virginia. He acknowledges that while shortening the 2012 sentence could result in him being released from prison early, it would not change the duration of the 2021 sentence. To the extent the government argues that § 3582(c)(1)(A)(i) does not apply to completed sentences, it provides no textual argument or any other on-point authorities for that claim. For example, the government relies on an unpublished, out-of-circuit decision in *United States v. Albers*, No. 22-3215, 2024 WL 1733958 (10th Cir. Feb. 9, 2024), but that case involves a sentence reduction under 18 U.S.C. § 3582(c)(2)—a different provision than the one relied on by Myers here.

3. On the merits, the district court did not abuse its discretion in denying Myers's motion for compassionate release. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). Compassionate release requires a finding of "extraordinary and compelling circumstances . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). To justify early release, a movant may point to advanced age, medical issues, difficult family circumstances, a history of sexual or physical abuse by prison staff, or (as relevant here), "other reasons . . . similar in gravity." *United States v. Bryant*, 144 F.4th 1119, 1124 (9th Cir. 2025) (citing U.S.S.G. § 1B1.13(b)(5)).

Myers argues that he is entitled to compassionate release because a combination of adverse circumstances related to his first sentence are "similar in gravity" to those identified by the Sentencing Commission as being "extraordinary and compelling." *See* U.S.S.G. § 1B1.13(b)(5). These include that his career offender status and lengthy prison term were based on predicate offenses he committed at a young age, that his conviction stemmed from racialized and discredited police practices involving fictitious "stash houses," and that he received a disproportionately higher sentence than more culpable codefendants. But these arguments are foreclosed by *Bryant*, which held that the reasons "similar in gravity" requirement of U.S.S.G. § 1B1.13(b)(5) does not apply to circumstances that existed at the time of sentencing. 144 F.4th at 1127.

Myers also argues that circumstances related to his 2021 sentence are "similar in gravity" to those identified by the Sentencing Commission. *See* U.S.S.G. § 1B1.13(b)(5). He specifically argues that his sentence for possessing a dangerous weapon in prison was "grossly disproportionate" compared to similar offenders. *See Robertson*, 895 F.3d at 1213. But even assuming the Northern District of California may consider the facts of the 2021 sentence in deciding whether to reduce the 2012 sentence, Myers fails to show that the district court abused its discretion when it found that the sentence was not "grossly disproportionate." *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018). Myers even acknowledges that his sentence is close to the average for sentences imposed in the Western District of Virginia. Indeed, though Myers argues the district court applied the wrong legal standard in denying his motion based on this finding, he does not explain how a disproportionate sentence would ever meet the reasons "similar in gravity" requirement of U.S.S.G. § 1B1.13(b)(5).

Finally, the district court also did not abuse its discretion when it held that Myers's lengthy history of fighting and weapons-possession fatally undermined his case for compassionate release. *See* U.S.S.G. § 1B1.13(a) (requiring district courts deciding whether compassionate release is warranted to consider traditional sentencing factors under 18 U.S.C. § 3553(a) and whether a movant would be a danger to the community under 18 U.S.C. § 3142(g)).

24-5470

AFFIRMED.